NOT FOR PUBLICATION (Doc. No. 13)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____
:
MICHELLE E. ALFRED, :
:
     Plaintiff, :
: Civil No. 14-7536 (RBK/JS)
    v. :
: **OPINION**
ATLANTIC CITY POLICE :
DEPARTMENT SWAT et al., :
:
     Defendants. :
_____ :

**KUGLER**, United States District Judge:

    This matter comes before the Court on the Motion of the Defendant Atlantic County Prosecutor's Office (the "ACPO"), improperly pled as Mays Landing Prosecutor's Office, to dismiss all claims against the ACPO in Plaintiff Michelle E. Alfred's Complaint pursuant to Rule 12(b)(6).  (Doc. No. 13.)  For the reasons stated herein, the ACPO's Motion to Dismiss will be **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

    Plaintiff claims she was "falsely arrested" by the Atlantic City SWAT Team on December 4, 2013, while Plaintiff was visiting Tasha Williams and the SWAT Team arrived at

---

[1] On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff."  Accordingly, the following facts are taken from Plaintiff's Complaint.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

Ms. Williams's residence.[2]  (Compl. at 2.)[3]  Plaintiff, proceeding pro se, filed a Complaint in connection with this incident on December 3, 2014.  (Doc. No. 1.)  The Complaint names as defendants: (1) the Atlantic City Police Department SWAT Team; (2) David Castellani, a lawyer Plaintiff selected to investigate the incident; (3) the City of Atlantic City Clerk Jason Holt and his paralegal Evelyn Wong; (4) the State of New Jersey; (5) Ms. Williams; and (6) the ACPO, improperly plead as the May's landing Prosecutor's Office.  (Compl. at 1.)

Plaintiff's Complaint states that while she was visiting Ms. Williams and her two children on December 4, 2013, several gunshots were heard outside the residence.  (Id. at 4.)  Ms. Williams called the police, and Plaintiff alleges that the police, dressed in riot gear, arrived at Ms. Williams's residence. (Id. at 4-5.)  Plaintiff claims that the police's entry into Ms. Williams's residence was without cause, as none of its occupants were involved with the shooting.  (Id.)  The police removed Plaintiff, Ms. Williams, and Ms. Williams's two children from the home.  (Id. at 5.)  The responding officers also allegedly pointed assault rifles at Plaintiff and made use of a cell-phone camera during this time.  (Id.)  Plaintiff asserts she was "falsely arrested" by the Atlantic City SWAT Team because the Atlantic City SWAT Team had "no reason" to come to the apartment in the first place.  (Id. at 1.)

After the alleged false arrest, Plaintiff states that she conferred with an attorney, Mr. Castellani, but he did not take her case.  (Id. at 5.)  Plaintiff asserts that Mr. Castellani nonetheless filed false tort claims on her behalf, knowing he did not represent Plaintiff or have Plaintiff's permission to do so.  (Id. at 5-6.)  Believing Mr. Castellani to be running a "scam,"

---

[2] Ms. Williams' residence is located at 1326 Baltic Avenue in Atlantic City, New Jersey.  (Compl. at 2.)

[3] Plaintiff's Complaint contains no page or paragraph numbers. Consequently, the Court has assigned page numbers to the Complaint, counting the first page of the submission as page number 1 and continuing consecutively thereafter.

Plaintiff maintains that she contacted the Atlantic City Clerk Jason Holt and his paralegal Evelyn Wong in June 2014.  (Id.)  Plaintiff states she also "filed criminal charges with the Atlantic City Prosecutor's Office, Mays Landing" in connection with her complaints regarding Mr. Castellani and the actions of the Atlantic City SWAT Team.  (Id. at 7.)

Given that this is the only mention of the ACPO in Plaintiff's Complaint, the ACPO filed a Motion to Dismiss for failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. No. 13.)  Plaintiff responded by filing a Motion to Dismiss the ACPO's Motion to Dismiss (Doc. No. 26.),[4] arguing that the ACPO "failed to investigate why the [SWAT Team] . . . would come to the residen[ce] of Ms. Tasha Williams on . . . December 4, 2013 with no warrant."  (Pl.'s Opp'n. ¶ 2.)  Her opposition further states that the ACPO failed to "investigate the [f]alse [t]ort claims that [l]awyer David Castellani filed without [Plaintiff's] permission[,]" (id. ¶ 3), and asserts that the ACPO "covered up everything and ignored and turned a blind eye to the investigation."  (Id. at 5,10.)[5]  Plaintiff's opposition also includes two vague references, unaccompanied by any allegations, to N.J. Stat. § 59:3-14.  (See generally id.)

## II.  LEGAL STANDARD

Rule 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)

---

[4] Plaintiff cannot file a Motion to Dismiss the ACPO's Motion to Dismiss.  Given Plaintiff's pro se status, the Court will construe Plaintiff's Motion as her opposition to the ACPO's Motion to Dismiss.

[5] While Plaintiff's opposition provides paragraph numbers in select spots, this allegation is without a corresponding paragraph number, and the opposition does not include page numbers.  Consequently, the Court has assigned the opposition page numbers, counting the first page of the submission as page 1 and continuing consecutively thereafter.

(quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233).  In other words, a complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

      To make this determination, a court conducts a three-part analysis.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Id. (quoting Iqbal, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Santiago, 629 F.3d at 131 (quoting Iqbal, 556 U.S. at 680).  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Santiago, 629 F.3d at 131 (quoting Iqbal, 556 U.S. at 680).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  Id.

      Where, as here, the plaintiff is proceeding pro se, the plaintiff's complaint is subject to a less stringent standard than more formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520, (1972).  However a pro se plaintiff must still plead the essential elements of his or her claim and is not ordinarily excused from conforming to standard procedural rules.  Blevins v. SEW Eurodrive, Inc., Civ. No. 05-5261, 2006 WL 1128708, at *1 (D.N.J. Apr. 25, 2006) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).  Therefore, while "detailed factual allegations" are not necessary, a pro se plaintiff still has the "obligation to provide the 'grounds' of his [or her] 'entitle[ment] to relief' [with] more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678-79.

## III. DISCUSSION

The Court finds that Plaintiff has wholly failed to state a claim on which relief can be granted against the ACPO. Plaintiff's Complaint contains a single reference to the ACPO. This reference states only that Plaintiff brought some sort of complaint to the ACPO regarding Plaintiff's alleged false arrest and her dealings with Mr. Castellani. Not only does this single reference fail to allege any wrongdoing on the ACPO's behalf, but it is also devoid of any factual material to allow the Court to determine if any claim against the ACPO is possible, let alone plausible. Therefore, under any reasonable reading, Plaintiff's Complaint has failed to state any claim against the ACPO and the Court will grant ACPO's Motion to Dismiss.

In order to address the effectiveness of permitting an amendment to Plaintiff's Complaint with respect to her claim against the ACPO, the Court turns to the arguments put forth in Plaintiff's opposition to the ACPO's Motion to Dismiss.[6] In her opposition, Plaintiff alleges for the first time that the ACPO failed to investigate and prosecute her claims.[7] Even with these new allegations, Plaintiff would still fail to state a claim against the ACPO.

---

[6] See infra note 4.

[7] Generally, on a Rule 12(b)(6) Motion, the Court limits its review to the pleadings, Hart v. Elec. Arts, Inc., 740 F. Supp. 2d 658, 662 (D.N.J. 2010), and a party's pleadings cannot be amended with factual assertions made in a brief. Penn ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988); Cardiology Consultants of North Morris v. UFCW Local, Civ. No. 06–5557, 2007 WL 4570160, *3 n.5 (D.N.J. Dec. 21, 2007) (citations omitted). Plaintiff's allegations that the ACPO failed to investigate and prosecute the relevant claims are found only in Plaintiff's opposition papers, rather than in Plaintiff's Complaint. (See Doc. No. 26.) Because Plaintiff's opposition papers cannot amend her Complaint, these allegations are not part of the pleadings and the Court does not consider them for purposes of addressing the Motion to Dismiss. See Hart, 740 F. Supp. 2d at 683. However, because the Court will address the likelihood that Plaintiff could amend the Complaint to state a cognizable claim against the ACPO, it will consider her arguments and implied claims found in her opposition for this limited purpose.

Though Plaintiff's Complaint and opposition both fail to explicitly invoke any basis for a cause of action, it appears as though Plaintiff is alleging that the ACPO's failure to investigate and prosecute the relevant claims constitutes a violation of Plaintiff's rights under the constitution, which would only be cognizable as a claim pursuant to 42 U.S.C. § 1983. Under § 1983, a plaintiff may have a cause of action for certain violations of his or her constitutional rights. The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. Thus, to establish a violation of §1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law, and (2) that the conduct deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Assuming the first prong is satisfied, there is no indication that Plaintiff has any right secured by the Constitution to have the ACPO investigate or prosecute her claims. Plaintiff has not cited to any legal authority for the contention that the ACPO must investigate or prosecute claims submitted by citizens, and the Third Circuit has stated that citizens do not have a "legally cognizably interest in compelling . . . prosecutor's to investigate or prosecute" alleged violations of their rights. Aruanno v. Fishman, 443 Fed. App'x 679, 681 (3d Cir. 2011); see also Sanders v. Downs, 420 Fed. App'x 175, 180 (3d Cir. 2011) (noting that the "District Court correctly reasoned that there is no constitutional right to the investigation or prosecution of another[]").

Moreover, Plaintiff has alleged no facts or cited to any authority to suggest that the alleged right at issue was "clearly established" at the time of the ACPO's purported misconduct to overcome the qualified immunity that may protect the conduct of public entities like the ACPO.  See Pearson v. Callahan, 555 U.S. 223, 129 (2009).  Coupled with the fact that prosecutors are immune from §1983 claims based on their exercise of prosecutorial discretion, see Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006); Imbler v. Pachtman, 424 U.S. 409, 424 (1976), including their decisions not to pursue criminal charges, Reeves v. Office of the Pub. Defender, Civ. No. 11-1741, 2011 WL 2039043, at *4 (D.N.J. May 25, 2011), a  § 1983 claim would not survive the ACPO's Motion to Dismiss.[8]

Finally, though Plaintiff's opposition makes two ambiguous references to N.J. Stat. § 59:3-14,[9] those references do not allege a cause of action under the same.  To the extent that Plaintiff's submissions can be liberally read to imply a state tort claim against the ACPO, such a claim would still fail, as investigating and prosecuting complaints typically falls within a prosecutor's discretionary functions, and are acts that are generally immune from liability under the New Jersey Tort Claims Act (the "TCA").  See N.J. Stat. § 59:2-3(a) (granting immunity to public entities for discretionary activities); see also State v. Hermann, 80 N.J. 122, 127 (1979) (stating a prosecutor's "discretion includes both the decision to prosecute . . .  and the converse decision to refrain from prosecuting . . . ").  Therefore, a claim that the ACPO failed to

---

[8] Plaintiff's presumption that the ACPO "covered everything up" is unsupported by any factual assertions pointing to any activity of the ACPO, be it improper, criminal, or negligent.  Therefore, this conclusory statement also falls short of supporting a claim against the ACPO.

[9] Section 59:3-14 is a provision of the New Jersey Tort Claims Act (the "TCA").  See N.J. Stat. §§ 59:1-1 et seq.  The TCA expressly grants immunity for public entities and public officials under specific circumstances   See generally §§ 59:2-1 et seq. (liability and immunity for public entities); §§ 59:3-1 et seq. (liability and immunity for public employees).

investigate and prosecute Plaintiff's claims would not only fail under §1983, but would undoubtedly fail as a state law claim under the TCA.

Because the Court finds that amendment of her claims against the ACPO would be futile, based on the most generous possible reading of her Complaint and her opposition, Plaintiff's claims against the ACPO will be dismissed with prejudice.  Hartman v. Twp. of Readington, Civ. No. 02-2017, 2006 WL 3485995, at *3 (D.N.J. Nov. 30, 2006) ("Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.")

**IV.   CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss will be **GRANTED**. Plaintiff's claims against the ACPO will be **DISMISSED WITH PREJUDICE**.  An appropriate Order shall issue today.


Dated:  7/13/2015                                                                s/ Robert B. Kugler
                                                                                              ROBERT B. KUGLER
                                                                                              United States District Judge