<u>NOT FOR PUBLICATION</u>                                      (Doc. No. 38)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                         :
Michelle ALFRED,                         :
                                         :
                        Plaintiff,       :          Civil No. 14-7536 (RBK/JS)
                                         :
              v.                         :          **OPINION**
                                         :
ATLANTIC CITY POLICE                     :
DEPARTMENT SWAT, et al.,                 :
                                         :
                        Defendants.      :
_____  :

**KUGLER**, United States District Judge:

      This action comes before the Court on the motion of the City of Atlantic City,[1] City Clerk

Rhonda Williams, City Solicitor Jason Holt, and Evelyn Wong, paralegal to the City Solicitor

("Atlantic City Defendants") to dismiss the *pro se* complaint of Michelle Alfred ("Plaintiff")

pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Atlantic City

Defendants' Motion to Dismiss (Doc. No. 38) is **GRANTED**.

**I.     STANDARD**

      Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure

to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts

accept all factual allegations as true, construe the complaint in the light most favorable to the

plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff

_____

[1] Plaintiff names "Atlantic City Police Department SWAT." The proper defendant is City of Atlantic City. *See Padilla v. Township of Cherry Hill*, 110 Fed.Appx. 272, 278 (3d Cir. 2004).

may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002).

In making this determination, a three-part analysis is needed. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitled for relief. *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

Where, as here, the plaintiff is proceeding *pro se*, the plaintiff's complaint is subject to a less stringent standard than more formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a *pro se* plaintiff must still plead the essential elements of her claim and is not ordinarily excused from conforming to standard procedural rules. *McNeil v.*

*United States*, 508 U.S. 106, 113 (1993). Therefore, although "detailed factual allegations" are not necessary, a *pro se* plaintiff still has the "obligation to provide the 'grounds' of his [or her] 'entitle[ment] to relief' [with] more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678–79.

## II.    BACKGROUND[2]

On December 4, 2013, Plaintiff was visiting her friend Tasha Williams and her two children at 1326 Baltic Avenue, Atlantic City, New Jersey. Compl. at 2.[3] During Plaintiff's visit, they heard several gunshots outside the residence. *Id.* at 4. Ms. Williams called the police, and Plaintiff alleges that the police, dressed in riot gear, arrived at Ms. Williams's residence. *Id.* at 4–5. Plaintiff claims that the police's entry into Ms. Williams's residence was without cause, as none of its occupants were involved with the shooting. *Id.* The police removed Plaintiff, Ms. Williams, and Ms. Williams's two children from the home. *Id.* The responding officers also allegedly pointed assault rifles at Plaintiff and made use of a cell-phone camera during this time. *Id.* Plaintiff asserts she was "falsely arrested" by the Atlantic City SWAT Team because the Atlantic City SWAT Team had "no reason" to come to the apartment. *Id.* at 2.

After the alleged false arrest, Plaintiff states that she conferred with an attorney, Mr. Castellani, but he did not take her case. *Id.* at 5. Plaintiff asserts that Mr. Castellani nonetheless filed false tort claims on her behalf, knowing he did not represent Plaintiff or have Plaintiff's

---

[2] On a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to Plaintiff." Accordingly, the following facts are taken from Plaintiff's Complaint. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

[3] Plaintiff's Complaint contains no page or paragraph numbers. Consequently, the Court has assigned page numbers to the Complaint, counting the first page of the submission as page number 1 and continuing consecutively thereafter.

permission to do so. *Id.* at 5–6. Believing Mr. Castellani to be running a "scam," Plaintiff

maintains that she contacted the Atlantic City Clerk Rhonda Williams, the Atlantic City Solicitor

Jason Holt, and his paralegal Evelyn Wong on June 26, 2014. *Id.* Plaintiff asserts that despite her

letter and phone calls to the Atlantic City Clerk's Office, "nothing . . . has been done" about the

alleged false filing as of December 3, 2014. *Id.* at 7.

## III.  DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of

her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen
> of the United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress . . . .

Thus, to state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a

right secured by the Constitution or laws of the United States and, second, that the alleged

deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*,

487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### A.  False Arrest Claim against City of Atlantic City

It appears that Plaintiff is attempting to assert a false arrest claim against "Atlantic City

Police Dept SWAT." *See* Compl. at 1. However, Plaintiff cannot bring a Section 1983 suit

against the Atlantic City Police Department, or any part thereof, because it is "merely an

administrative arm of the local municipality," *Padilla v. Township of Cherry Hill*, 110 Fed.Appx.

272, 278 (3d Cir. 2004); *see also* N.J.S.A. 40A:14–118 (New Jersey police departments are "an

executive and enforcement function of municipal government."). Because Plaintiff is *pro se*, this

Court will construe her false arrest claim to be against the City of Atlantic City.

Even if this Court finds that Plaintiff alleged sufficient facts to support a false arrest claim, a municipality is not liable under Section 1983 solely on a theory of vicarious liability. *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 694 (1978). A local government entity may be responsible for constitutional violations of its employees under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury." *Id.* To survive a motion to dismiss in this context, a plaintiff "must identity a custom or policy, and specify what that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Because Plaintiff does not identify any custom or policy of the City of Atlantic City that caused her false arrest, her Section 1983 claim against the City of Atlantic City must be dismissed.

**B.      Claims against Rhonda Williams, Jason Holt, and Evelyn Wong**

Plaintiff is unhappy "nothing . . . has been done" about Mr. Castellani's alleged false filing. *See* Compl. at 7. However, her alleged causes of action against City Clerk Rhonda Williams, City Solicitor Jason Holt, and his paralegal Evelyn Wong are unclear. She does not allege any facts that so much as imply that Rhonda Williams, Jason Holt, or Evelyn Wong violated Plaintiff's constitutional rights. Without an underlying constitutional violation, Plaintiff cannot sustain a Section 1983 action. Although the Court is more lenient when evaluating pleadings by a *pro se* plaintiff, the complaint must still plead the essential elements of the plaintiff's claims. *See McNeil*, 508 U.S. at 113. As Plaintiff's Complaint fails to plead any cause of action against Rhonda Williams, Jason Holt, and Evelyn Wong, her Complaint must be dismissed as to these defendants.

Furthermore, even if Plaintiff alleged sufficient facts to state a cause of action, Rhonda Williams, Jason Holt, and Evelyn Wong are, at the least, entitled to qualified immunity. Quasi-judicial immunity may extend to professionals who assist courts in their judicial function. *See Hughes v. Long*, 242 F.3d 121, 126 (3d Cir. 2001); *see also Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993). Although there is no binding Third Circuit authority on the question of whether court clerks are entitled to absolute immunity for conduct in support of the judicial function, the Third Circuit has extended quasi-judicial immunity to court clerks who are alleged to have acted incorrectly or improperly in carrying out their official duties. *See, e.g.*, *Wicks v. Lycoming Co.*, 456 Fed. Appx. 112, 115 (3d Cir. 2012); *Wallace v. Abell*, 217 Fed. Appx. 124, 126–27 (3d Cir. 2007). Rhonda Williams is the Atlantic City Clerk, and Plaintiff does not allege that she acted outside her official position. Rather, Plaintiff is unhappy that Rhonda Williams, as Atlantic City Clerk, did not do anything about Mr. Castellani's alleged false filing. As such, Plaintiff's claims against Rhonda Williams must be dismissed with prejudice on grounds of immunity.

Jason Holt is the Atlantic City Solicitor, and Evelyn Wong is his paralegal. Plaintiff met with Jason Holt and Evelyn Wong at the Atlantic City Clerk's Office to discuss Mr. Castellani's "insurance scam" and false filing. Because "deciding whether to extend quasi-judicial immunity to an official involves a legal determination that focuses on the legal and structural components of the job function," *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 101 (3d Cir. 2011), and Jason Holt and Evelyn Wong were acting in support of the judicial function in this case, Plaintiff's claims against Jason Holt and Evelyn Wong must be dismissed with prejudice on grounds of immunity.

## IV.    LEAVE TO AMEND

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). It would be futile for Plaintiff to amend her Complaint with respect to Rhonda Williams, Jason Holt, and Evelyn Wong, as they are entitled to immunity. Because Plaintiff could conceivably amend her Complaint to state a cause of action against the City of Atlantic City under *Monell*, the Court will allow Plaintiff to file a motion to amend her Complaint.[4]

## V.    CONCLUSION

For the reasons stated above, Atlantic City Defendants' Motion to Dismiss will be **GRANTED**. Plaintiff's false arrest claim against the City of Atlantic City will be **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claims against Rhonda Williams, Jason Holt, and Evelyn Wong will be **DISMISSED WITH PREJUDICE**. An appropriate Order shall issue today.


Dated:    10/01/2015                                       s/ Robert B. Kugler

                                                           ROBERT B. KUGLER

                                                           United States District Judge

---

[4] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, No. 12–2430, 2013 WL 1338986, at *5 (3d Cir. Apr. 4, 2013) (collecting cases). *See also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. *Id.*