IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHELLE E. ALFRED, | |
| Plaintiff, | Civil No. 1:14-cv-07536 (RBK/JS) |
| v. | **OPINION** |
| DAVID R. CASTELLANI, | |
| Defendant | |

**KUGLER**, United States District Judge:

This matter arises upon Defendant David R. Castellani's ("Defendant") motion to dismiss Plaintiff Michelle E. Alfred's ("Plaintiff") suit against him for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In the alternative, Defendant moves for dismissal for lack of subject matter jurisdiction. *See* U.S.C. § 1332. Because this court lacks subject matter jurisdiction over Plaintiff's claim, Defendant's motion to dismiss is **GRANTED**.

## I. BACKGROUND[1]

Plaintiff asserts that on December 4, 2013, she was "falsely arrested" by the Atlantic City SWAT Team. Compl. at 2.[2] After the alleged false arrest, Plaintiff states that she

---

[1] When considering the sufficiency of the factual allegations in a plaintiff's complaint, the Court, for purposes of deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), assumes such allegations to be true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

[2] Plaintiff's Complaint contains no page or paragraph numbers. Consequently, the Court has assigned page numbers to the Complaint, counting the first page of the submission as page number 1 and continuing consecutively thereafter.

1

conferred with an attorney, Mr. Castellani, but he did not take her case. *Id.* at 5. Plaintiff asserts that Mr. Castellani nonetheless filed false tort claims on her behalf, knowing he did not represent Plaintiff or have Plaintiff's permission to do so. *Id.* at 5–6. Believing Mr. Castellani to be running a "scam," Plaintiff maintains that she contacted the Atlantic City Clerk, the Atlantic City Solicitor, and the Atlantic City Solicitor's paralegal on June 26, 2014. *Id.* Plaintiff asserts that despite her letter and phone calls to the Atlantic City Clerk's Office, "nothing . . . has been done" about the alleged false filing as of December 3, 2014. *Id.* at 7. Plaintiff ultimately filed suit against a number of defendants, though the cases against all but one of the other defendants have subsequently been dismissed. *See Id.* at 1.

## II. STANDARD

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Federal courts "have an independent obligation to ensure they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011).

In terms of jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [ ] citizens of different States." *Id.* § 1332(a). "[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

The district courts may, however, "decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(b); *see also Oras v. City of Jersey City*, 328 F. App'x 772, 775 (3d Cir. 2009). "Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Id.* (internal quotation marks omitted) (emphasis in original).

### III. ANALYSIS

Plaintiff is a resident of New Jersey.[3] Compl. at 1. Defendant is a resident of New Jersey, and operates his legal practice in New Jersey.[4] *Id.*; Def. Br. at 9. Diversity in citizenship is therefore lacking, as both parties are citizens of New Jersey.

Plaintiff's claims against Defendant do not arise from the Constitution, laws, or treaties of the United States—they appear to be legal malpractice claims. 28 U.S.C. § 1331. Thus, there is no federal question that serves as a basis for finding subject matter jurisdiction.

Supplemental jurisdiction is additionally inappropriate. In order for this court to exercise supplemental jurisdiction over Plaintiff's claims against Defendant, the claims must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's allegations against Defendant may or may not be potentially viable in a suit in New Jersey state court. *See* Compl. at 6. But Plaintiff's allegations against Defendant are not part of

---

[3] The address listed on her complaint is 655 Absecon Blvd., Apt. 606, Atlantic City, NJ 08401.
[4] The address of Defendant's law practice is 450 Tilton Road, Suite 245, Northfield, NJ 08225.

the same case or controversy as the other claims in Plaintiff's initial complaint for the purposes of 28 U.S.C. § 1367(a). *Doherty v. Teamsters Pension Trust Fund of Philadelphia and Vicinity*, 142 Fed. Appx. 573, 575 (3rd Cir. 2005) ("[T]he state law claim, which is a garden variety malpractice claim, arises entirely out of counsel's performance in pursuing the federal law claims. The facts giving rise to the two claims are entirely separate."). As such, this court cannot exercise supplemental jurisdiction—there are no claims for which this court has original jurisdiction arising from the same common nucleus of facts as Plaintiff's claims against Defendant.

## III. CONCLUSION

Because this court lacks jurisdiction to hear this case, Defendant's motion to dismiss is **GRANTED.**

Dated: 09/13/2017  /s/ _Robert B. Kugler_____
ROBERT B. KUGLER
United States District Judge